**United States District Court for the District of Columbia**

| | | |
|---|---|---|
| **United States of America** | * | |
| v. | * | No. 1:21-CR-00266-TSC-1, 2 |
| **Miller, et al.** | * | |
|     **[Brandon James Miller]** | | |
|     **[Stephanie Danielle Miller]** | | |

**Response to Government Motion for Protective Order**

The government has moved for a protective order. Doc. 15. Unfortunately, the government seeks far more than the protection of sensitive and highly sensitive material. Although captioned simply as "Protective Order Governing Discovery," the government insists that defendants must personally sign an "Acceptance," agree to all of the terms, disclose privileged information regarding the consultation with counsel about it, and affirm full satisfaction with counsel not only regarding the protective order, but *"all matters relating to it."*

Defendants do not dispute that the Court has the authority to enter an appropriate protective order, if good cause is shown. Fed. R. Crim. P. 16(d)(1); *see United States v. Cordova*, 806 F.3d 1085 (D.C. Cir. 2015). Nor do defendants dispute that discovery materials might contain sensitive information.

Either way, an appropriate protective order would not implicate defendants' waiver of the right to the effective assistance of counsel (U.S. Const. amend VI; 28 U.S.C. § 2255; *see Strickland v. Washington*, 466 U.S. 668 (1984)), waiver of attorney/client privilege, and compel defendants to make statements (U.S. Const. amend I, V, VI; *West Virginia State Bd. of Ed. v. Barnette*, 319 U.S. 624 (1943);

*Miranda v. Arizona*, 384 U.S. 436 (1966), *Edwards v. Arizona*, 451 U.S. 477 (1981)); in order to receive disclosures that even the government concedes it must provide (Gov't Mot. at 3). *See* 18 U.S.C. § 3500, Fed. R. Crim. P. 16, 26.2; Loc. Crim. R. 5.1(a); *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

Defendants' counsel propose that if the Court finds good cause to enter a protective order in this case (Fed. R. Crim. P. 16(d)(1); *Cordova, supra*), then they would not object to the Court entering the modified version of the proposed Protective Order Governing Discovery, which has been redlined and highlighted to show changes. App'x at 1. In support, counsel aver:

1. Defendants are not *pro se*.

2. Both are represented by experienced counsel, who are familiar with handling discovery subject to a protective order. Docs 8, 10; Min. Ent's Mar. 18, 2021; *See* 18 U.S.C. § 3006A(b).

3. If defendants were to demand something that a protective order would prohibit, then counsel would first attempt to negotiate a solution among the parties.

4. If necessary, counsel know how to seek the Court's assistance to resolve disputes.

5. Parties and counsel are bound to follow the Court's order, regardless of whether they agree with it. *Cordova* at 1090; *see also Alderman v. United States*, 394 U.S. 165 (1969).

6. Parties might even be notified on the record about an order and asked whether they understand, similar to the reading of charges at an initial appearance, regardless of whether they agree.

7. Curiously, the government claims that defendant's acceptance, which includes agreement to all of the terms, disclosure privileged information regarding the consultation with counsel about it, and affirmation of full satisfaction with counsel regarding the protective order ***"and all matters relating to it,"*** is an important enforcement mechanism.

8. Yet, the government fails to mention anywhere in either its Motion, its proposed order, or the Acceptance that it insists on, the Court's contempt authority (18 U.S.C. § 401), the consequences for contempt of court (18 U.S.C. §§ 402, 3285, 3691), or the possibility of additional criminal charges that might arise from the disclosure of protected information (Gov't Mot. at 3 – 4; *see also* 18 U.S.C. § 2).

9. Although counsel have heard government's claims about the addendum "helping us," we understand our ethical responsibilities and duties, particularly when an order directs something, and we do not need the government's "help."

10. Advising a client to sign the "Acceptance" or state on the record "satisfaction with counsel," or what has or has not been discussed with counsel, in order to receive what the law requires the government to provide would probably be a conflict of interest and ineffective for defense counsel to do.

11. In addition, it would likely create a client relations problem, when there is not one, and perhaps lead to a vicious cycle of having to substitute counsel.

12. The government has cited a protective order for U.S. Capitol Police surveillance video, which does not require the signature of the defendant or counsel. Doc 15-2, at 5; *see, District of Columbia v. Ricky Wiseman*, D.C. Superior Court Case no. 2018-CTF-17464.

13. In the government's citations for when the Court has entered a protective order over the objection of the defendant, neither involved defendants' objection to the signature page. Gov't Mot. at 9; *see United States v. Cudd*, 21-cr-68; *United States v. McCaughey III*, 21-cr-40.

14. Instead, the Court was addressing restrictions on discoverable material.

15. The opinions (<u>supra</u>) did not address whether it is necessary to compel defendants to waive the effective assistance of counsel and attorney/client privilege, for this enforcement tool.

16. Nor do the opinions address the Court's contempt authority, the consequences for contempt of court, or the possibility of additional criminal charges that might arise from the disclosure of protected information.

17. At best, the government's attempt to have the Court mandate the "Defendant's Acceptance" is misguided, because the Court already has the authority to enter an appropriate protective order, if the Court finds good cause.

18. In addition, both the Court and the government already have appropriate enforcement tools that avoid creating Constitutional problems.

19. At worst, the government is attempting to extract waivers of the right to counsel and attorney/client privilege under the guise of a protective order.

20. Regardless, it is inappropriate and unnecessary.

21. Accordingly, defendants' counsel suggest that if the Court were to find good cause to enter a protective order, then the modified version of the proposed Protective Order Governing Discovery would be more appropriate.  App'x at 1.

22. Joanne D. Slaight, who represents Stephanie Miller, has instructed me to join Mrs. Miller in this Response.

## Points and Authorities

*Alderman v. United States*, 394 U.S. 165 (1969).
*Brady v. Maryland*, 373 U.S. 83 (1963).
*Edwards v. Arizona*, 451 U.S. 477 (1981).
*Giglio v. United States*, 405 U.S. 150 (1972).
*Miranda v. Arizona*, 384 U.S. 436 (1966).
*Strickland v. Washington*, 466 U.S. 668 (1984).
*United States v. Cordova,* 806 F.3d 1085 (D.C. Cir. 2015).
*District of Columbia v. Ricky Wiseman*, D.C. Super. Ct. No. 2018-CTF-17464.
*United States v. Cudd*, DCD No. 21-cr-68.
*United States v. McCaughey III*, 21-cr-40.
*West Virginia State Bd. of Ed. v. Barnette*, 319 U.S. 624 (1943).
U.S. Const. amend I.
U.S. Const. amend V.
U.S. Const. amend VI.
18 U.S.C. § 2.
18 U.S.C. § 401.
18 U.S.C. § 402.
18 U.S.C. § 3006A(b).
18 U.S.C. § 3285.
18 U.S.C. § 3691.
18 U.S.C. § 3500.
28 U.S.C. § 2255.
Fed. R. Crim. P. 16.
Fed. R. Crim. P. 26.2.
Loc. Crim. R. 5.1(a).

/s/ *William L. Welch, III*

---

William L. Welch, III
D.C. Bar No. 447886
wlw@wwelchattorney.com
5305 Village Center Drive, Suite 142
Columbia, Maryland 21044
Telephone: (410) 615-7186
Facsimile: (410) 630-7760
Counsel for Brandon James Miller
(Appointed by this Court)

/s/ *Joanne D. Slaight*

---

Joanne D. Slaight
D.C. Bar No. 332866
jslaight@att.net
400 7th Street, N.W., Suite 206
Washington, DC 20004
Telephone: (202) 256-8969
Facsimile: (202) 393-0536
Counsel for Stephanie Danielle Miller
(Appointed by this Court)

**Certificate of Service**

I certify that on this 30th day of April, 2021 a copy of the foregoing Response to Government Motion for Protective Order was delivered electronically to Clayton Henry O'Connor (Clayton.Oconnor@usdoj.gov), U.S. Department of Justice, Human Rights and Special Prosecutions Section, 1301 New York Ave NW, Suite 1200, Washington, DC 20530 and to Ms. Joanne D. Slaight (jslaight@att.net), 400 7th Street, N.W., Suite 206, Washington, DC 20004.

/s/ William L. Welch, III
_____
William L. Welch, III