United States District Court for the District of Columbia

**United States of America**          \*

    v.                                    \*          No. 1:21-CR-00266-TSC-1

**Miller, et al.**                            \*
    **[Brandon James Miller]**

### Defendant Brandon Miller's Sentencing Memorandum

Introduction

Brandon's father in law Mark Nisonger says "Brandon … has always been a very respectable and good young man[,] … [who learns] from his mistakes!!" App'x at 1.

Brandon's mother in law Julie Smith is happy Brandon is part of her family. App'x at 3. She says, "he is [] very good hearted, hardworking[, and] has always helped anyone[.]" Ibid. He "has taken care of [her thirteen year old] grandson since he was a year old." Ibid. Brandon has been part of their "family for 12 years and [they] love him very much." Ibid.

Brandon's mother Julie Miller admires his honesty and loyalty, saying "[h]e is not a violent person but a kind and giving man." App'x at 4.

His mother was a single parent, who struggled to provide for Brandon and his younger sister. Doc. 45 at ¶ 50. His father was not involved until Julie was diagnosed with ovarian cancer. Ibid. Brandon remembers he was nine, when he met his father for the first time. Ibid.

He remembers having an Individualized Education Plan and receiving accommodations when he was in elementary and middle school. Id. at ¶ 67. After the 9th grade, he withdrew from school and went to work. Id. at ¶ 68.

Brandon remembers that his grandmother's house was the only real home, where he felt comfortable, even though his grandmother was stricter than his mom. Id. at ¶ 52. His grandmother was the person, who taught him how to do things like clean gutters and mow grass. Ibid.

Unfortunately, Brandon's grandmother has stopped speaking with him as a result of his conduct in this case. Id. at ¶ 55. In addition, his aunt and cousin are no longer speaking to him. Although Brandon has tried, his grandmother is not taking his calls, and this is upsetting to him. Ibid.

Although Brandon has worked as a drywall finisher since he was seventeen (Id. at ¶ 73), he has only found occasional odd jobs since he was arrested. Id. at ¶ 72. Fortunately, he did recently find full-time work. Ibid.; App'x at 5. He hopes to start his own drywall business. Id. at ¶ 72.

Fortunately, Brandon also has his wife Stephanie, and they have been together for thirteen years. Id. at ¶ 54. They got married on July 14, 2018. Ibid.

Considering:

1.    That Brandon recently found full-time employment after only occasional odd jobs after his conduct in this case;

2.    That a term of imprisonment would likely cause him to lose his job;

2

3. That restitution in this case is $500.00;

4. That he helps support a minor child, who depends on him;

5. That he does not have a violent criminal record;

6. That he did not destroy or steal property (Doc. 46 at p. 1);

7. That he did not assault or threaten anyone (Ibid.);

8. That his conduct involved entering and walking around the Capitol building for approximately ten minutes (Ibid.);

9. That his grandmother has stopped speaking with him as a result of his conduct in this case, which is upsetting to him;

10.

11. That he has generally complied with Pretrial supervision community (Id. at p. 2);

12. That Probation has recommended a one year term of probation with restitution and 50 hours of community service (Id. at pp 1–2); and

For such other reasons as might be raised during the sentencing hearing, probation is sufficient, but not greater than necessary to comply with the purposes of the law. In short, it would serve no purpose that has not already been achieved.

Probation involves significant restraints on a defendant's liberty. Orders confine defendants to a particular community, house, and job at the sufferance of the probation officer. *Jones v. Cunningham*, 371 US 236, 242 (1963); *see also Anderson v. Corall*, 263 U. S. 193, 196 (1923) ("While [parole] is an amelioration of punishment, it is in legal effect imprisonment."); von Hentig, *Degrees of Parole Violation and*

*Graded Remedial Measures*, 33 J. Crim. L. & Criminology 363 (1943).

Defendants must periodically report to the probation officer, permit the officer to visit their homes and jobs at any time, and follow the officer's advice. *Jones* at 242. Defendants are admonished to keep good company and good hours, work regularly, keep away from undesirable places, and live clean, honest, and temperate lives. *Ibid.* Not only must they faithfully obey these restrictions and conditions, but they also live in constant fear that a single deviation, however slight, might result in being sent to prison. *Ibid.*

Defendants might be rearrested any time the probation officer only believes they have violated a term or condition of probation. *Ibid.* They might have to serve all of the time that was suspended with few, if any, of the procedural safeguards that normally must be provided to those charged with crime. *Ibid.* Probation significantly restrains defendants' liberty to do the things that free people in this country are entitled to do. *Ibid.*

Application of the Statutory Sentencing Factors to the Facts of This Case

The Court must consider the following factors when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing (18 U.S.C. § 3553(a)):

1.  The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant:

    (a)  Nature and Circumstances of Offense:

Mr. Miller pled guilty to parading, demonstrating, or picketing in a Capitol building. 40 U.S.C. § 5104(e)(2)(G).

    (b)    History and Characteristics of Brandon Miller:

*See* Introduction to Sentencing Memorandum, *supra* at 1–3.

2. The Need for the Sentence Imposed To Promote Certain Statutory Objectives:
   - (A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense;
   - (B) to afford adequate deterrence to criminal conduct;
   - (C) to protect the public from further crimes of the defendant; and
   - (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3. The Kinds of Sentences Available.

The Supreme Court severed and excised the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. 18 U.S.C. § 3553(b); *see United States v. Booker*, 125 S. Ct. 738, 756 (2005). This renders the sentencing guidelines advisory. *Booker* at 756.

Title 40, United States Code, Section 5109(b) and Title 18 United States Code, Sections 3551, 3556, 3559, 3561, 3563, 3571, 3581, and 3583 specify what types of sentences may be imposed.

Section 5109(b) provides for a fine, imprisonment for not more than six months, or both. The maximum fine is $5,000. 18 U.S.C. § 3571(b)(6).

Mr. Miller is: i) indigent (Doc's 8, 45 at ¶ 75; Min. Ent. Mar. 18, 2021), ii) facing imprisonment, iii) helps support a minor child, iv) the Presentence Report indicates that he appears unable to pay a fine, and v) his wife is facing similar consequences. Doc. 45 at p. 1 and ¶ 74; Doc. 46 at 2. Nor does the Presentence Report recommend a fine. Doc. 46 at 1–2. Accordingly, Mr. Miller requests that the Court waive the imposition of a fine.

4. The Kinds of Sentence and the Sentencing Range Established by the Sentencing Commission.

The sentencing guidelines do not apply to any count of conviction that is a Class B misdemeanor. U.S.S.G. § 1B1.9.

5. Any Pertinent Policy Statement.

The sentencing guidelines do not apply to any count of conviction that is a Class B misdemeanor. Ibid.

6. The Need to Avoid Unwarranted Disparities.

The Court has imposed probation and community service in other cases that also did not involve destroying or stealing property or assaulting or threatening anyone (Doc. 46 at p. 1). *See United States v. Eliel Rosa*, 1:21-CR-00068-TNM (12 months' probation, 100 hours community service, $500 restitution); *United States v. Thomas Gallagher*, 1:21-CR-00041-CJN (24 months' probation, 60 hours community service, $500 restitution); *United States v. Valerie Ehrke*, 1:21-CR-00097-PLF (36 months' probation, $500 restitution); *United States v. Jonathan Sanders*, 1:21-CR-

00384-CJN (36 months' probation, 60 hours community service, $500 restitution); *United States v. Jacob Hiles*, 1:21-CR-00155-ABJ (24 months' probation, 60 hours community service, $500 restitution); *see also, United States v. Zeese, et al.*, 1:19-CR-00169-BAH (30 day suspended sentence, 6 months' probation, $500 fine, and stay away from Venezuelan Embassy for each of four codefendants, who had occupied Embassy for four days).

    7.    The Need to Provide Restitution to Any Victims of the Offense.

The parties have agreed to $500.00 in restitution.

## Request to Voluntarily Surrender

If the Court imposes a term of imprisonment, Mr. Miller requests that the Court permit him to voluntarily surrender at a time when his wife would not also have to serve a term of imprisonment. In support, defendant states:

    1.    The Court released Mr. Miller on conditions on March 18, 2021. Doc. 16.

    2.    He has generally complied with Pretrial supervision community. Doc. 46 at 2.

    3.    The Millers are married, indigent, facing similar consequences, and care for a minor child together. Doc's 8, 45 at p. 1 and ¶¶ 50, 54, 74, 75; Doc. 46 at 2.

## Points and Authorities

*Anderson v. Corall*, 263 U. S. 193 (1923).

*Jones v. Cunningham*, 371 US 236 (1963).

*United States v. Booker*, 125 S. Ct. 738 (2005).

von Hentig, *Degrees of Parole Violation and Graded Remedial Measures*, 33 J. Crim. L. & Criminology 363 (1943).

18 U.S.C. § 3551.

18 U.S.C. § 3553.

18 U.S.C. § 3556.

18 U.S.C. § 3559.

18 U.S.C. § 3561.

18 U.S.C. § 3563.

18 U.S.C. § 3571.

18 U.S.C. § 3581.

18 U.S.C. § 3583.

U.S.S.G. § 1B1.9.

/s/ *William L. Welch, III*
_____
William L. Welch, III
D.C. Bar No. 878119
wlw@wwelchattorney.com
5305 Village Center Drive, Suite 142
Columbia, Maryland 21044
Telephone: (410) 615-7186
Facsimile: (410) 649-5217
Counsel for Brandon Miller
(Appointed by this Court)

## Certificate of Service

I certify that on this 8th day of December 2021 a copy of the foregoing Sentencing Memorandum, Request to Surrender, and Appendix were delivered electronically to Ms. Kelli Willett (Kelli_Willett@dcp.uscourts.gov), U.S. Probation Office, E. Barrett Prettyman Courthouse, 333 Constitution Avenue, NW, Suite 2214, Washington, DC 20001; to Clayton Henry O'Connor (Clayton.Oconnor@usdoj.gov), U.S. Department of Justice, Human Rights and Special Prosecutions Section, 1301 New York Ave NW, Suite 1200, Washington, DC 20530; and to Ms. Joanne D. Slaight (jslaight@att.net), 400 7th Street, N.W., Suite 206, Washington, DC 20004.

/s/ *William L. Welch, III*

William L. Welch, III